UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAMON A. MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:10-cv-01066-WTL-DML |
| | ) | |
| | ) | |
| D. L. STINE, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Again Directing Further Proceedings**

**I.**

Habeas corpus petitioner Myers responded to the directions in Part I of the Entry issued on September 1, 2010, by filing an amended petition for writ of habeas corpus. The amended habeas petition identifies claims which Myers states were decided on the merits by the Indiana state courts and alleges with respect to each such claim that the resolution was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court of the United States. This parrots the language of 28 U.S.C. § 2254(d)(1), but is not sufficient to proceed further because notice pleading does not suffice in an action for habeas corpus relief. *See Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002). Instead, the application for a federal writ of habeas corpus filed by a petitioner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.

Myers shall have **through October 13, 2010**, to **supplement** his amended petition as to those claims petitioner states were decided on the merits by the Indiana courts. He shall do so by stating, with respect to each such claim, how the state court's adjudication of the claim was either contrary to, or an unreasonable application of, federal law as

determined by the Supreme Court of the United States. For Myers' information, these terms have specific and distinct meanings. The first step, of course, is to identify the applicable law as determined by the Supreme Court. Thereafter--

• The Supreme Court has explained that a decision is "contrary to" federal law when it "contradicts the governing law set forth in our cases," or when "the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

• A state court decision involves an "unreasonable application of" federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *id.* at 407-08, but not when the state court merely applies federal law "erroneously or incorrectly." *Id.* at 411.

## II.

A copy of the amended petition for writ of habeas corpus shall be included with Myers' copy of this Entry.

**IT IS SO ORDERED.**

Date: 09/27/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Damon Myers
DOC #962690
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362