UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAMON A. MYERS,          )
                         )
          Petitioner,    )
     vs.                 )          1:10-cv-01066-WTL-DML
                         )
STACY DOAN-SELMIER,      )
                         )
          Respondent.    )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Damon A. Myers ("Myers") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**Petition for Writ of Habeas Corpus**

### Background

Myers was convicted in an Indiana state court of child molesting on August 29, 2006. His conviction was affirmed on appeal in *Myers v. State,* No. 49A05-0610-CR-616 and 49A04-0612-CR-690 (Ind.Ct.App. July 23, 2007)(*Myers I*). Myers' petitions to transfer did not comply with the Indiana Rules of Court and Myers did not cure such defects. The trial court's denial of Myers' petition for post-conviction relief was affirmed in *Myers v. State*, 49A02-10010PC-154 (Ind.Ct.App. Nov. 10, 2010). Once again, Myers' petition to transfer was untimely and defective, and consequently, returned to Myers.

Contending that the conviction is constitutionally infirm because of myriad specifications of ineffective assistance of counsel, Myers seeks a writ of habeas corpus. The respondent has answered, claiming that Myers has committed procedural default by failing to properly present his claims to the Indiana Supreme Court.

### Discussion

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries-whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course

of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). In this case, the procedural inquiry is conclusive as to the proper outcome.

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

Here, Myers' habeas claims were presented to the Indiana state courts, if at all, in *Myers II.* Following that decision, Myers' petition for transfer was rejected by the Indiana Supreme Court. Specifically, on February 28, 2011, the Deputy Clerk notified Myers that his petition for transfer had been received, but that it was not filed because it was untimely and not in compliance with Indiana's appellate rules. Myers cannot ignore the fact that he committed procedural default by not filing a petition which was timely and which was otherwise filed in compliance with the Indiana appellate rules.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State" 28 U.S.C. § 2254(b)(1)(A); *see, e.g., O'Sullivan v. Boerckel,* 526 U.S. 838, 843-44 (1999). The statute just cited requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 842. This includes filing an application for discretionary appellate review with the State's highest court if that right is available by statute. *Id.* at 845. His failure to do so constitutes his procedural default.

A procedural default can be avoided if a petitioner can show cause and prejudice or a fundamental miscarriage of justice. *Holmes v. Hardy,* 608 F.3d 963, 967 (7th Cir. 2010). Myers makes no effort to show cause for and prejudice from his procedural default.

The other way to avoid procedural default is to show actual innocence, that is, to show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). This standard is "fundamentally different", and lower, than that for a substantive innocence claim because the procedural claim of innocence is accompanied with an assertion of constitutional error at trial. *Schlup,* 513 U.S. at 315–16.

Myers invokes this second path whereby procedural default can be overcome. In his reply to the respondent's return, Myers states that, "[f]ailure to consider all [habeas] claims will result in a fundamental miscarriage of justice," that "counsel refused in both cases to depose certain State witnesses and investigate their statements prior to trial'" and "[t]he

refusal of counsel to conduct a thorough investigation of all State evidence and witnesses abridged Myers's right to be heard and present evidence that would prove his innocence." This is insufficient because in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*). Myers offers no evidence of his actual innocence here, he does not analyze the evidence in light of the errors he asserts, and the court discerns no basis on which such an argument could be asserted.

### Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Myers faces here and he has failed to overcome that barrier. His habeas petition must therefore be **denied.** Myers' request for an evidentiary hearing has also been considered. Such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. Accordingly, Myers' request for an evidentiary hearing is **also denied.**

Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Myers has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/20/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana